**Marshall Meyers (020584)**
**WEISBERG & MEYERS, LLC**
**5025 North Central Ave., #602**
**Phoenix, AZ 85012**
**602 445 9819**
**866 565 1327 facsimile**
**mmeyers@AttorneysForConsumers.com**
**Attorney for Plaintiff**

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Adam Taylor, | ) Case No. |
| | ) |
| Plaintiff, | ) **COMPLAINT AND TRIAL BY JURY** |
| | ) **DEMAND** |
| vs. | ) |
| | ) |
| IQ Data International, Inc., | ) |
| | ) |
| Defendant. | ) |

## NATURE OF ACTION

1.  This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

## JURISDICTION AND VENUE

2.  This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3.  Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, (where Plaintiff resides in this district), and/or where Defendant transacts business in this district.

## PARTIES

4. Plaintiff, Adam Taylor ("Plaintiff"), is a natural person who at all relevant times resided in the State of Arizona, County of Maricopa, and City of Glendale.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Defendant, IQ Data International, Inc. ("Defendant") is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5).

7. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

8. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.

9. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes. Plaintiff incurred the obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant.

10. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

11. Defendant sent Plaintiff written communication dated January 20, 2011 and January 21, 2011 in which Defendant falsely represented the character, amount or legal status of Plaintiff's debt by charging Plaintiff interest.

12. The rental agreement creating the debt does not expressly authorize the collection of interest, nor is the interest amount being collected permitted by law.

13. Furthermore, Defendant falsely represented that interest was allowed pursuant to Ariz. Rev. Stat. Ann. § 44-1201(A).

14. However, the rental agreement was entered into in Texas, and as such, Arizona law is not applicable. (15 U.S.C. § 1692e(2)(A), 1692e(10), 1692f(1)).

15. Defendant initially communicated with Plaintiff via telephone call on January 14, 2011, and at such time, Defendant failed to provide Plaintiff with the notices required by 15 USC § 1692g(a) et seq., nor did Defendant provide said notices in writing within 5 days thereof.  (15 U.S.C. § 1692g(a) et seq.).

16. Defendant further threatened Plaintiff with the consequence of legal action/ a civil lawsuit, when it never intended to take any such action and had no means to take any such action. (15 U.S.C. §1692(e)(5).

17. Defendant's actions constitute conduct highly offensive to a reasonable person.

### COUNT I

18. Plaintiff repeats and re-alleges each and every allegation contained above.

19. Defendant violated the FDCPA as detailed above.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated the FDCPA;

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

**TRIAL BY JURY**

Plaintiff is entitled to and hereby demands a trial by jury.

Respectfully submitted this 2nd day of May, 2011

By: s/ Marshall Meyers
Marshall Meyers (020584)
WEISBERG & MEYERS, LLC
5025 North Central Ave., #602
Phoenix, AZ 85012
602 445 9819
866 565 1327 facsimile
mmeyers@AttorneysForConsumers.com
Attorney for Plaintiff